IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY T. VEAL, : | |
| : | |
| Petitioner, : | |
| : | Civil Action |
| v. : | No. 5:10-cv-342 (MTT) |
| : | |
| DENNIS BROWN, WARDEN, : | |
| : | |
| Respondent. : | |
| _____ : | |

## RECOMMENDATION ON MOTION TO DISMISS

Respondent Dennis Brown has moved the Court to dismiss Anthony Veal's Petition for Writ of Habeas Corpus, based on failure to exhaust the remedies available in the courts of the State of Georgia. Although the record in this case shows that Petitioner has yet to receive a direct appeal of his conviction, more than twelve years after his conviction, it also shows that Petitioner has not pursued collateral remedies available through the state courts to address the delay of his appeal. Accordingly, it is hereby **RECOMMENDED** that the Motion to Dismiss (Doc. 11) be **GRANTED**.

PROCEDURAL HISTORY

On August 29, 1998, following a jury trial in Putnam County, Georgia, petitioner Anthony Veal was convicted for the offenses of malice murder, armed robbery, possession of a sawed-off shotgun, and possession of a firearm during commission of a crime. He received sentences of life without parole for malice murder, life for armed robbery, and five years for each of the firearms convictions, all to be served consecutively.

On September 1, 1998, Petitioner, through counsel, filed a one sentence-long Motion for New Trial, on the grounds that "the verdict was strongly against the weight of the evidence and for other reasons which will be more fully developed after a review of the transcript." Resp. Ex. 1, p.

6 (Doc. 12-1). There is no indication in the record that a more fully developed motion for new trial was ever filed, or that the trial court ever ruled on the Motion.

On December 28, 2009, in the Superior Court of Putnam County, Georgia, the petitioner filed a *pro se* motion to vacate his convictions. This motion was denied by the trial court on January 5, 2010. On February 10, 2010, the petitioner filed a notice of appeal from the order denying his motion to vacate. The status of this appeal is unknown.

Petitioner concedes that he has not attempted to address the delay in reaching his motion for new trial through a petition for writ of habeas corpus in the state courts, arguing that he is "under the impression that the state system will be unjustified and ineffective." Pet.'s Br. 3 (Doc. 14).

On June 15, 2010, Petitioner executed the instant federal petition. His Petition alleges six grounds for relief. The first four grounds are related to Petitioner's contention that there was no probable cause to support his arrest or indictment. In Ground One Petitioner alleges that, due to the lack of probable cause, the Superior Court "didn't acquire personal jurisdiction over the Petitioner pursuant to the 14th Amendment of the [United States Constitution]." Petition 5 (Doc. 1). In Ground Two he alleges that his arrest was not supported by probable cause because the arresting officer gave false statements in his affidavit. In Ground Three he alleges that the arrest warrants were not supported by probable cause because the magistrate did not act as a neutral and detached judicial officer and accepted the false statements of the arresting officer. In Ground Four he alleges that the indictment was unlawful because the District Attorney presented false evidence to the grand jury. Ground Five alleges ineffective assistance of trial counsel for failing to raise Petitioner's arguments concerning the lack of probable cause to support his arrest. Ground Six raises the denial of a timely appeal.

Respondent answered the petition and moved for its dismissal based upon the petitioner's failure to exhaust any state post-conviction remedies. Respondent also contended that Petitioner's

grounds for relief were procedurally defaulted because he had not raised them on direct appeal. Respondent did not address the merits of Petitioner's claims.

## LEGAL ANALYSIS

The Petition should be dismissed due to Petitioner's failure to exhaust his state remedies. Although the delay of more than twelve years in reaching Petitioner's Motion for New Trial or allowing Petitioner a direct appeal of his conviction is troubling, this federal petition for writ of habeas corpus is premature because Petitioner has not sought collateral review of his case through state courts. The federal statute providing state prisoners access to federal habeas review of their convictions, 28 U.S.C. § 2254, provides that an application for writ of habeas corpus may not be granted unless it appears that:

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The statute further provides that an applicant shall be deemed not to have exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In this case, Georgia law provides collateral remedies that Plaintiff could have used to address the delay in his post-conviction review and obtain timely review of his other claims. Georgia law authorizes state prisoners to petition for writ of habeas corpus in the superior court of the county in which the prisoner is detained. O.C.G.A. § 9-14-43. In a state petition, the prisoner may assert that "in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of this state." O.C.G.A. § 9-14-42(a). Georgia courts have recognized that inordinate appellate delay may constitute a violation of due

process. See Chatman v. Mancill, 280 Ga. 253 (2006). Georgia courts have also recognized that a habeas court may address a claim of denial of the right to direct appeal and order an out-of-time appeal. See Ponder v. State, 260 Ga. 840, 842 (1991). Plaintiff did not pursue such remedies, but instead waited more than eleven years to file a motion to vacate in the trial court. Because Plaintiff failed to take advantage of remedies available in the Georgia courts, the claims in his present petition are unexhausted and should be dismissed.

For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 11) be **GRANTED**. In light of this recommendation, it is further **RECOMENDED** that Petitioner's Motion for Expansion of the Record (Doc. 15) be **DENIED**, as moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 8th day of September, 2011.

                                                  s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge